IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT CORYDON, JULY TERM, 1819, IN THE FOURTH YEAR OF THE STATE.

———

## DURHAM *v.* The STATE.

In an indictment, under the statute of 1816, charging the defendant in the same count with playing cards in a tavern and betting, the jury found him guilty of the playing, but not guilty of betting: *Held,* that the verdict was sufficient.

It is not material of what part of the charge the defendant is acquitted, if that part, of which he is found guilty, constitutes a specific, indictable offence.

ERROR to the *Jackson* Circuit Court.—This was an indictment charging *Durham* with unlawfully playing a game of cards called *Loo,* and betting on the game, at *Craig's* tavern in *Browns-town,* contrary to the statute, &c. Plea, not guilty. The jury found the defendant guilty of playing as charged, but not guilty of betting. A motion to stay the entering up of judgment was made and overruled, and judgment was rendered upon the verdict. .

*Thursday, July 8.*

The error relied upon was, that the jury had only found the defendant below guilty of a part of the charge; and that upon such an imperfect verdict, no judgment ought to have been rendered against him.

HOLMAN, J.—In determining the sufficiency of the verdict, it cannot be material of what part of the indictment the defend-

5

ant is found not guilty, if the charge of which he is convicted, contains in itself a full and specific offence. By the 4th section of the act to prevent gaming, approved the 30th of *December*, 1816, it is enacted, that if any person shall at any time play in any ordinary, tavern, &c., at any game or games whatsoever, except of athletic exercise; or shall bet on the hands or sides of those that do play, &c., he shall on conviction be fined, &c. It appears very clearly from these provisions, that playing and betting are two distinct offences, and not constituent parts of the same offence, on either of which an indictment may be maintained. This indictment would have been substantially sufficient, if there had been no allegation about betting; nor does that allegation, in any respect, affect the balance of the indictment, whether it is considered as surplusage, or a distinct charge which was unsupported by evidence. The charge of card-playing, of which the plaintiff in error has been convicted, has no necessary connexion with the unsupported allegation of betting; but standing in the law, and in the indictment, as a complete definite offence, it is in *itself* sufficient *to* authorize the judgment of the Court (1).

*Per Curiam.*—The judgment is affirmed, with costs.

*Meek* and *Stevens*, for the plaintiff.

*Dewey*, for the state.

(1) The jury may convict the defendant upon one count of the indictment, and acquit him upon another. So upon one part of a count capable of division: as, on a count for composing and publishing a libel, the defendant may be found guilty of publishing only. So, where the accusation includes an offence of inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less. 1 Chitt. Crim. Law, 637, 638.