May Term, 1840.

THE STATE
v.
KUNS.

---

THE STATE *v.* KUNS.

An indictment charging that the defendant unlawfully, maliciously, &c. destroyed, *and* maliciously, &c., caused to be destroyed, a certain quantity of potatoes, &c., cannot be objected to on the ground that it contains two distinct offences.

ERROR to the *Carroll* Circuit Court.

May Term, 1840.

THE STATE
v.
KUNS.

*Monday, June* 1.

SULLIVAN, J.—This was an indictment founded on the 33d section of the act relative to crime and punishment. Rev. Stat. 1838. The indictment charges that the defendant, on, &c., at, &c., unlawfully, maliciously, and mischievously destroyed, *and* did then and there maliciously and mischievously cause to be destroyed, a certain quantity of potatoes, the personal property of one *Benjamin Ross*, of the value of five dollars, by then and there, &c.

After a verdict of guilty, the Court arrested the judgment and discharged the defendant.

The main point relied upon by the defendant, in support of the judgment of the Circuit Court, is, that the indictment is defective in charging in the same count two offences, viz. that the defendant destroyed *and* caused to be destroyed the property therein mentioned. In *Rex* v. *Hunt et al.*, 2 Camp. 583, the Court said, that if an indictment charges that the defendant did and caused to be done a particular act, it is enough to prove either;—that it is invariably enough to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified. See also *Rex* v. *Williams*, *Ib.* 646, and 1 Ch. Cr. Law, 251. The same principle was recognized by this Court in *Durham* v. *The State*, 1 Blackf. 33. The authorities cited sustain the indictment in this case.

There are other objections made to the indictment, but we think they are not tenable. As was said by this Court in the case of *The State* v. *Merrill*, 3 Blackf. 346, the species of property injured, its value, its ownership, and the damage to the owner, are stated; and the injury is averred to have been done maliciously.

The motion to arrest the judgment should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to render judgment on the verdict.

*W. J. Peaslee*, for the state.

*R. A. Lockwood* and *D. Mace*, for the defendant.