Nov. Term,
1856.

BOSWELL
v.
THE STATE.

W. *Grose*, for the appellant.

J. *Brown*, for the State.

---

## BOSWELL and Others *v.* THE STATE.

Malicious trespass. The affidavit and information alleged that the defendants unlawfully, maliciously, and mischievously did injure and cause to be injured, a sign, the property of, &c., of the value, &c., to the damage, &c. *Held*, that the phrase "injured and caused to be injured," is not objectionable.

But it seems that the offense is not sufficiently described; the specific injury should have been shown.

Errors must be specially assigned: a statement that "every order made against the defendant was erroneous,". is too vague.

Where the evidence is not in the record, this Court will presume that the action of the Court below, in overruling a motion for a new trial, was correct

APPEAL from the *Tippecanoe* Court of Common Pleas.

*Friday,*
*January* 23,.
1857.

*Per Curiam.*—Information for malicious trespass. Trial by jury, verdict guilty, and judgment.

The errors assigned are—

1. In overruling the motion to quash.

The affidavit and information allege that the defendants unlawfully, maliciously, and mischievously did injure and cause to be injured, a sign, the property of, &c., of the value of 16 dollars, to the damage of the proprietor, &c., 16 dollars.

The phrase, "injured and caused to be injured," is not objectionable. *The State* v. *Kuns*, 5 Blackf. 314. The

phraseology was the same in that case, and was held good in an indictment under the old practice.

It is probable that the description of the offense is too vague, as in *The State* v. *Aydelott,* 7 Blackf. 157. But as the defendant pleaded over, and did not except to the opinion of the Court, overruling the motion to quash, the record does not present anything in that behalf to be considered. *Hornberger* v. *The State,* 5 Ind. R. 300.— *Leyner* v. *The State,* at the present term (1).

2. The second error is, that every order made by the Court against the defendant was erroneous.

This is too vague to meet the requirement of the statute. The errors must be specially assigned. 2 R. S. p. 161; 7 Ind. R. 580; *Id.* 589; and several cases at the present term (2).

3. That the Court erred in overruling the motion for a new trial.

The evidence is not in the record. We must presume the ruling of the Court in that behalf correct. *Mansur* v. *The Indianapolis, &c., Plankroad Company,* at the present term (3).

The judgment is affirmed with costs.

*G. A. Wood* and *D. P. Vinton,* for the appellants (4).

*J. L. Miller,* for the State (5).

(1) *Ante,* 490.

(2) *Riley* v. *Murray, ante,* 354.

(3) *Ante,* 487.

(4) Counsel for the appellants cited *The State* v. *Aydelott,* 7 Blackf. 157; *The State* v. *Miles,* 4 Ind. R. 577.

(5) Counsel for the State cited *The State* v. *Merrill,* 3 Blackf. 346; *The State* v. *Kuns,* 5 *id.* 314; *The State* v. *Slocum,* 8 *id.* 315; *Read* v. *The State,* 1 Ind. R. 511.