### THE STATE v. BRANNON.

1. **Criminal Law : INDICTMENT : DUPLICITY.**   An indictment cannot be attacked for duplicity which sets out the same transaction in forms varied to meet the testimony.

*Appeal from Warren District Court.*

THURSDAY, MARCH 20.

ON the 10th day of January, 1877, there was filed in the office of the clerk of the district court of Marion county an indictment, as follows :

"1.   The grand jury of the county of Marion, in the name and by the authority of the State of Iowa, accuse the defendants, John Brannon and Eliza Flanders, of the crime of buying, receiving and aiding in concealing stolen money, committed as follows :   The said John Brannon and Eliza Flanders, on the 14th day of November, A. D. 1876, in the county aforesaid, the sum of three thousand dollars, of the personal goods and chattels of Marion county, Iowa, of the value of three thousand dollars, feloniously did buy, receive and aid in concealing; the said John Brannon and Eliza

Flanders then and there well knowing that said three thousand dollars was stolen money, and that John R. Barcus and Harry Williams, on the 10th day of October, A. D. 1876, at the county aforesaid, feloniously did take, steal and carry away said three thousand dollars, the same being the personal goods and chattels of the said Marion-county, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Iowa.

"2. And the grand jury of the county of Marion, in the name and by the authority of the State of Iowa, further accuse the said John Brannon and Eliza Flanders of the crime of buying, receiving and aiding in concealing stolen money, committed as follows: The said John Brannon and Eliza Flanders did, on the 14th day of November, 1876, in the county of Marion aforesaid, the sum of three thousand dollars, good and lawful money of the personal goods and chattels of one R. M. Faris, of the value of three thousand dollars, feloniously did buy or receive and aid in concealing; the said John Brannon and Elizabeth Flanders then and there well knowing the said three thousand dollars was stolen money, and that John R. Barcus and Harry Williams, on the 10th of October, 1876, at the county aforesaid, feloniously did take, steal and carry away said three thousand dollars, the same being the personal goods and chattels of the said R. M. Faris, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Iowa.

"3. And the grand jury of the county of Marion, in the name and by the authority of the State of Iowa, further accuse John Brannon and Eliza Flanders, aforesaid, of the crime of buying, receiving and aiding in concealing stolen money, committed as follows: The said John Brannon and Eliza Flanders, on the 14th day of November, A. D. 1876, in the county aforesaid, the sum of three thousand dollars, of the personal goods and chattels of Marion county, Iowa, before then feloniously stolen, taken and carried away, feloniously

did buy, receive and aid in concealing; the said John Brannon and Eliza Flanders then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Iowa.

"4. And the grand jury of the county of Marion, in the name and by the authority of the State of Iowa, further accuse the said John Brannon and Eliza Flanders of the crime of buying, receiving and aiding in concealing stolen money, committed as follows: The said John Brannon and Eliza Flanders, on the 14th day of November, A. D. 1876, in the county aforesaid, three thousand dollars good and lawful money, of the value of three thousand dollars of the personal goods and chattels of one R. M. Faris, before then feloniously stolen, taken and carried away, feloniously did buy, receive and aid in concealing; the said John Brannon and Eliza Flanders then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Iowa. And the grand jury do further say that each and every one of the counts of this indictment are based upon and grew out of the same transaction, and that the crime set forth in each and every count of this indictment grew out of and is based upon the same transaction."

The defendant, John Brannon, entered his plea of not guilty, and upon his motion the venue in the cause was changed to the Warren District Court. The cause was tried and the defendant was found guilty, as charged in the indictment, and the value of the money which he aided in concealing was found to be three thousand dollars.

The defendant filed a motion to set aside the verdict and for a new trial, upon the ground, among others, that there is a separate and distinct offense charged in each of the four counts of the indictment. The motion was overruled and

the defendant was sentenced to imprisonment in the penitentiary for four years. The defendant appeals. The cause is submitted upon the abstract alone, without argument from either party. None of the evidence is contained in the abstract.

*Geo. W. Seevers*, for appellant.

*J. F McJunkin, Attorney General*, and *T. J. Anderson*, for the State.

DAY, J.—Without determining whether the question as to duplicity in an indictment can be raised for the first time in a motion to set aside the verdict, and for a new trial, we feel constrained to hold that the indictment in question is not vulnerable to the objection presented. The Code, § 4300, provides: "The indictment must charge but one offense, but it may be charged in different forms to meet the testimony." The only difference between the first and second counts of the indictment is that the first charges that the money which the defendant aided in concealing belonged to Marion county, while the second count charges that it belonged to one R. M. Faris. The third count of the indictment differs from the first, in that the first count charges that the money which the defendant aided in concealing was stolen by John R. Barcus and Harry Williams, while the third count is silent as to the person by whom the money was stolen. The fourth count differs from the second in the same respect. It is alleged in the indictment that all the counts are based upon and grew out of the same transaction, and that the crime set forth in each and every count grew out of and is based upon the same transaction. It is very apparent that the indictment charges but one transaction, in forms varied to meet the testimony—the District Attorney evidently being in doubt, from the testimony, whether the money concealed belonged to Marion county or to R. M. Faris, and whether the evidence would authorize the jury to find

*1. CRIMINAL law: indictment: duplicity.*

·that it was stolen by John R. Barcus and Harry Williams. Under section 4300 of the Code the offense may be charged in this manner.    In *State v. McPherson*, 9 Iowa, 53, it is said: "Cases might arise where the indictment upon its face would show that different offenses were included, as if larceny and perjury should be charged.    Where it is not thus apparent, other parts of the record should make it appear in some method that the counts relate to distinct offenses or transactions."

In this case it appears upon the face of the indictment that the counts relate to the same transaction.    The indictment does not, therefore, charge more than one offense.    No other question is properly presented by the record for our consideration.

AFFIRMED.