## UNITED STATES v. HULL.[*]

*(District Court, D. Nebraska.* November Term, 1882.

1. INDICTMENT—FALSE CLAIMS AGAINST THE UNITED STATES.
    Any person who makes or causes to be made, or presents or causes to be presented, any false claim against the United States, knowing the same to be false, or who, for the purpose of aiding another to obtain the payment of a false claim, by making or using, or causing to be made or used, any false bill, account, claim, certificate, affidavit, or deposition, knowing the same to be false, may be punished under the provisions of section 5438 of the Revised Statutes of the United States.

2. SAME—STATUTE CONSTRUED.
    The section above cited is not limited in its operation to false claims presented by the accused on his own behalf, but applies as well to such claims presented by an attorney, agent, officer, or other person presenting or aiding in the collection of a false claim, knowing it to be false.

*From the Colorado Law Reporter.

3. INDICTMENT—DUPLICITY.

> An indictment which charges that the defendant made, and caused to be made, the false voucher, certificate, or claim, and that he "presented and caused to be presented," is not bad for duplicity because the statute employs the disjunctive "or" instead of "and."

*Mr. Lamberton,* U. S. Atty., and *Mr. Webster,* for the United States.
*Mr. Woodworth* and *Mr. Thurston,* for defendant.

McCRARY, C. J., (*orally.*) We have considered the motion to quash the indictment in this case, and I am now ready to state the conclusions arrived at.

The indictment in the case charges, in substance,—*First,* the making of false claims against the United States; and, *second,* aiding another person to obtain payment of false claims against the United States. There are a number of counts in the indictment, but I believe they are all conceded to be substantially alike, and therefore it will be sufficient to consider the first count. This, after certain allegations setting forth that defendant was custodian of the United States court-house and post-office at Lincoln, and certain other allegations rather introductory in their character, not necessary to be repeated, proceeds thereafter to say that "defendant did willfully, unlawfully, and feloniously make and cause to be made, and present and caused to be presented, to an officer of the treasury department of the United States of America, a certain false, fraudulent, and fictitious claim and account against the United States of America for payment and approval for 806 yards best quality Napier matting, at 80 cents per yard, alleged in said account to have been purchased from one Albert M. Davis for the use of said building, at a price of $644.80, which said claim was false, fictitious, and fraudulent, as said Dwight G. Hull well knew, and that said goods were never delivered by said Albert M. Davis at the price named, or at the place named. Then follow allegations that the defendant, for the purpose of aiding to obtain payment of said claim, unlawfully and feloniously did make and use, and caused to be made and used, a certain false bill, voucher, receipt, certificate, or account, which is copied in the indictment, followed by the allegation that said voucher, receipt, bill, or certificate was and is false, fictitious, and fraudulent as to the cost or price of said matting, as the said Dwight G. Hull well knew; and the grand jury aforesaid, upon their oaths aforesaid, present that the said Albert M. Davis never received the sum of $644.80 for said matting from the United States or any other person."

Here is a very distinct and sufficient allegation of the two offenses to which I have referred, namely: *First*, the making and presenting of a false claim; and, *second*, aiding another to obtain the payment of a false claim. We are of the opinion that these offenses, as here charged, come clearly within the provisions of section 5438 of the Revised Statutes of the United States, which provides that "every person who makes or causes to be made, or presents or causes to be presented, for payment or approval to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing said claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining, or aiding to obtain, the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, shall be imprisoned," etc.

It is not contended by counsel for defendant that this section of the statute does not describe in general terms the offense charged in the indictment; but, as I understand the counsel, they do insist that the statute applies only to a party who presents a false claim on his own behalf, and does not apply to a person who presents a false certificate or voucher on behalf of some other person, or in the name of some other person. We are unable to concur in this view of the statute. It appears on the face of the statute that it is intended to apply to a case where a person makes, or causes to be made, a false statement of this character, or where he obtains, or is guilty of aiding to obtain, the payment or approval of any such false claim. The use of this language clearly implies that the statute is intended to cover a case where an attorney, agent, officer, or other person undertakes to get a claim which is false and fraudulent allowed in his own behalf, or in behalf of any other party; otherwise the language "aiding to obtain" would have no meaning whatever. It is a matter of history that this legislation was intended mainly to put a stop to the practice which was said to prevail at the city of Washington and elsewhere, where claim agents and lobbyists, acting on behalf of others, were in the habit of manufacturing false and fictitious testimony—pension agents, and other agents of that character. We are clearly of the opinion there is nothing in the point to which I have referred.

It is argued that the indictment is bad for duplicity, because it alleges that the defendant "made, or caused to be made," this false voucher, certificate, or claim, and that "he presented, and caused to

be presented;" but the authorities are abundant in support of the principle that it is no objection to an indictment to say that "defendant did, or caused to be done," a particular act which is punishable by criminal statute. The allegation is good in that form, although the statute may employ the disjunctive conjunction "or" instead of "and."

The following are some of the authorities upon this point: *Com.* v. *Twitchell,* 4 Cush. 74; *State* v. *Fletcher,* 18 Mo. 426; *Durham* v. *State,* 1 Blackf. 33; *State* v. *Meyer,* 1 Speer, (S. C.) 305; *State* v. *Kuns,* 5 Blackf. 314; *State* v. *Morton,* 27 Vt. 310; 2 Archbold, Crim. Law, 810.