## UNITED STATES *v.* HULL.

(*U. S. District Court, District of Nebraska—November Term, 1882.*)

1. INDICTMENT—FALSE CLAIMS AGAINST THE UNITED STATES. Any person who makes, or causes to be made, or present, or causes to be presented, any false claim against the United States, knowing the same to be false, or who, for the purpose of ordering another to obtain the payment of a false claim, by making or using, or causing to be made or used, any false bill, account, claim, certificate, affidavit qr deposition, knowing the same to be false, may be punished under the provisions of Sec. 5438 of the Revised Statutes of the United States.

2. SAME—SAME—STATUTE CONSTRUED. The section above named is not limited in its operation to false claims presented by the accused on his own behalf, but applies as well to such claims presented by agents, attorneys and others, or, in other words, to every person presenting or ordering in the collection of a false claim, knowing it to be false.

3. INDICTMENT—DUPLICITY. An indictment which charges that the defendant did, and cause to be done, a particular act, is not bad for duplicity.

McCRARY, Circuit Judge (orally).

We have considered the motion to quash the indictment in this case, and I am now ready to state the conclusions arrived at.

The indictment in the case charges, in substance—first, the making of false claims against the United States; and second, aiding another person to obtain payment of false claims against the United States. There are a number of counts in the indictment, but I believe they are all conceded to be substantially alike, and, therefore, it will be sufficient to consider the first count. This, after certain allegations setting forth that defendant was custodian of the United States court house and postoffice at Lincoln, and certain other allegations rather

introductory in their character, not necessary to be repeated, proceeds thereafter to say that "defendant did wilfully, unlawfully and feloniously make, and cause to be made, and present, and caused to be presented, to an officer of the Treasury Department of the United States of America, a certain false, fraudulent and fictitious claim and account against the United States of America for payment and approval for 806 yards best quality Napier matting, at eighty cents per yard, alleged in said account to have been purchased from one Albert M. Davis, for the use of said building, at a price of $644.80, which said claim was false, fictitious and fraudulent, as said Dwight G. Hull well knew, and that said goods were never delivered by said Albert M. Davis, at the price named, or at the place named. Then follow allegations, that the defendant, for the purpose of aiding to obtain payment of said claim, unlawfully and feloniously did make and use, and cause to be made and used, a certain false bill, voucher, receipt, certificate or account, which is copied in the indictment, followed by the allegation that said voucher, receipt, bill or certificate was, and is, false, fictitious and fraudulent as to the cost or price of said matting, as the said Dwight G. Hull well knew, and the grand jury aforesaid, upon their oaths aforesaid, present that the said Albert M. Davis never received the sum of $644.80 for said matting from the United States or any other person."

Here is a very distinct and sufficient allegation of the two offenses to which I have referred, namely: first, the making and presenting of a false claim; and second, aiding another to obtain the payment of a false claim. We are of the opinion that these offenses, as here charged, come clearly within the provisions of Sec. 5438, Revised Statutes of the United States, which provides, that "every person who makes, or causes to be made, or presents, or causes to be presented, for payment or approval to or by any person, or officer in the civil, military or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing said claim to be false, fictitious or fraudulent, or who, for the purpose of obtaining, or aiding to obtain, the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, re-

ceipt, voucher, roll, account, claim, certificate, affidavit or depo-
sition, knowing the same to contain any fraudulent or fic-
titious statement or entry, shall be imprisoned," etc.

It is not contended by counsel for defendant that this section
of the statute does not describe in general terms the offense
charged in the indictment, but, as I understand the counsel,
they do insist that the statute applies only to a party who pre-
sents a false claim on his own behalf, and does not apply to a
person who presents a false certificate or voucher on behalf of
some other person, or in the name of some other person.   We
are unable to concur in this view of the statute.   It appears
on the face of the statute that it is intended to apply to a case
where a person makes, or causes to be made, a false statement
of this character, or where he obtains, or is guilty of aiding to
obtain, the payment or approval of any such false claim.   The
use of this language clearly implies that the statute is intended
to cover a case where an attorney, agent, officer or other per-
son undertakes to get a claim, which is false and fraudulent, al-
lowed in his own behalf, or in behalf of any other party;
otherwise the language "aiding to obtain" would have no
meaning whatever.   It is a matter of history that this legisla-
tion was intended mainly to put a stop to the practice which
was said to prevail at the city of Washington and elsewhere,
where claim agents and lobbyists, acting on behalf of others,
were in the habit of manufacturing false and fictitious testi-
mony—pension agents, and other agents of that character.
We are clearly of the opinion there is nothing in the point to
which I have referred.

It is argued that the indictment is bad for duplicity, because
it alleges that the defendant "made, or caused to be made,"
this false voucher, certificate or claim, and that "he presented,
and caused to be presented;" but the authorities are abundant
in support of the principle, that it is no objection to an indict-
ment to say that "defendant did, or caused to be done," a par-
ticular act which is punishable by criminal statute; the allega-
tion is good in that form, although the statute may employ the
disjunctive conjunction "or" instead of "and."

The following are some of the authorities upon this point:
*Commonwealth* v. *Turtchell*, 4 Cush., 74; *State* v. *Fletcher*, 18 Mo.,

426; *Dunham* v. *State*, 1 Blackf., 33; *State* v. *Meyer*, 1 Spear (S. C.), 288; *State* v. *Kuns*, 5 Blackf., 314; *State* v. *Morton*, 27 Vt., 310; Archbold Crim. Law, Vol. II, p. 810.

> *Lambertson,* United States Attorney, and *Webster,* for the United States.
>
> *Woolworth* and *Thurston,* for defendant.