## UNITED STATES *v.* STONE.

*(District Court, D. Idaho. January 4, 1892.)*

1. PUBLIC LANDS—TIMBER TRESPASS.
    Criminal procedure may be maintained under section 2461, Rev. St. U. S., for a violation of its provisions; and it is sufficient to allege in the indictment that the cutting and removing of the timber was for use other than that of the navy of the United States. It is not necessary to allege that defendant was not justified under any of the various land laws of the United States.

2. SAME.
    Charging the "cutting and removing" of timber does not constitute the allegation of two offenses to one count.

*(Syllabus by the Court.)*

At Law. Demurrer to indictment.
*Fremont Wood,* U. S. Atty.
*McBride & Allen, Albert Hagan,* and *L. Vineyard,* for defendant.

BEATTY, District Judge. By the indictment, in pursuance of the provisions of section 2461, Rev. St., the defendant is charged in this case with the cutting and removing of timber from the public lands of the United States, with the intent to export, dispose of, and use the same in a manner "other than for the use of the navy of the United States." In the argument and consideration of the demurrer interposed by defendant to such indictment, the defendant, in support thereof, claimed— *First,* that, under said section, a criminal prosecution cannot be maintained for timber trespasses on the general public lands of the United States; *second,* that the indictment does not set out the use to which defendant appropriated the timber, and fails to show he does not come within the provisions of some of the statutes modifying said section, or, in other words, that it has not negatived the defendant's defenses; and, *third,* that the indictment, in charging the cutting and removing of such timber, has charged two offenses in one count.

1. The first objection, I think, may be clearly determined by an analysis of the section involved, without a consideration of the adjudicated cases. The first clause of this section is limited to the cutting or wanton

destruction of any timber on any lands of the United States "reserved or purchased for the use of the United States for supplying or furnishing therefrom timber for the navy of the United States." The second clause refers alone to the removal of such timber from such lands reserved for such naval use, but the third clause provides against the cutting or removing of live oak, red cedar, or *other* timber from *any other* lands of the United States, with intent to export, dispose of, or use the same for any other purpose than the use of the navy, and the fourth and last clause provides the penalty for a violation of the provisions of the section, which includes both fine and imprisonment. The first two clauses apply alone to the cutting, destruction, or removal of any timber, only on those lands reserved for naval use, while the third clause is to prevent the cutting or removal of timber from *any other* lands of the government. What other lands are referred to? The phrase "any other lands" is easily construed, when considered in connection with what precedes it. The lands before named were those set apart for naval use, and it can only mean all other lands which the government owns than those so reserved for naval use, and such as may be elsewhere otherwise excepted. It seems indisputable that it was designed by this statute to prevent the cutting and removal of timber from such lands as are referred to in this indictment, which are not those reserved for naval use, but those belonging to that class of public lands which are open to settlement under some of the general land laws of the United States. While the defendant does not positively controvert this conclusion, he insists that the provisions of the section cannot be enforced by criminal procedure. In support of this view, he refers to section 5388 as the one applied to criminal procedure; that such procedure is invoked only in trespasses on lands reserved for some special purpose; and that the lands here trespassed upon do not belong to any such reserved class. To this it must be answered that the provisions of the last section are an exception only to those of the other section, and for an entirely different and independent purpose. They are intended to prevent the cutting and wanton destruction of timber on, and not its removal from, lands reserved for military or other purposes; the phrase "other purposes" to be construed to be for some purpose similar to a military use. The two sections together provide against the wanton destruction of timber on lands reserved for the use of the navy and military and like purposes, and the last section does not refer to the general class of lands defined in the third clause of section 2461. But the fourth clause of section 2461, in providing a penalty of fine and imprisonment for a violation of its provisions, fully negatives the defendant's claim that a criminal procedure cannot be maintained thereunder. Such penalty applies only to a criminal action. This question is further put at rest by the provisions of section 5, p. 90, 20 St., which relieves in certain cases from prosecution under this section. In *U. S.* v. *Scott*, 39 Fed. Rep. 900, it was held by the late circuit judge of this circuit that a compliance with the provisions of this last statute relieved the party only from a criminal prosecution, under section 2461, and not from the civil action for the

timber taken. The conclusion must be, and is, that a criminal prosecution may be maintained for a violation of the provisions of section 2461, and, while there is some slight disagreement among the adjudicated cases, the weight of authority sustains this conclusion. As bearing upon the question are cited *U. S.* v. *Briggs*, 9 How. 354; *U. S.* v. *Garretson*, 42 Fed. Rep. 22; *U. S.* v. *Konkapot*, 43 Fed. Rep. 64; *U. S.* v. *Murphy*, 32 Fed. Rep. 376; and *U. S.* v. *Nelson*, 5 Sawy. 68.

2. If the second objection defendant makes to this indictment is good, it must be conceded the government could seldom successfully prosecute any timber trespasses, for it would not only have to allege that the defendant had not appropriated the timber in pursuance of any of the various land laws, but would have to prove all such negative allegations. Such a practice should be followed only in pursuance of clear statutory authority or well-considered judicial determinations. It is true that a negative allegation must sometimes be pleaded, but it is only in those cases where the statute defining an offense, is so framed as to constitute the failure to perform some specific act an element of the offense. On the contrary, it is a general rule that, when there is a proviso or condition attached to some criminal statute defining an offense, if such proviso does not constitute an element of the offense it need not be referred to in the indictment. In *U. S.* v. *Cook*, 17 Wall. 173, it is said:

"Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception; but, if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense, and must be shown by the accused."

See, also, *U. S.* v. *Cook*, 36 Fed. Rep. 896. The defendant is not complaining that some condition or exception in and a part of the statute defining the offense is omitted, but that it does not allege and show that the defendant has not appropriated the timber by virtue of any of the several laws granting him such right. In *U. S.* v. *Murphy*, 32 Fed. Rep. 378, the court says the *onus probandi* rests upon the defendant to show a defense based upon some exception to the law, and further on (page 384) it is said:

"Under the provisions of section 2461, whoever cuts and removes timber from public lands, which includes all that the government holds title to, must be prepared to show, when indicted or sued as a trespasser, lawful authority for his act."

Section 8, p. 1099, 26 St., provides that, in actions either civil or criminal, the defendant for his defense may show such use of the timber as exempts him under the law from liability.

These authorities must lead to the conclusion that any rights or privileges which defendant may have had to appropriate the timber in ques-

tion are simply matters in defense, which he must plead, and which the government could omit in the indictment.

3. That the allegation of the "cutting and removing" timber under this statute, is not a statement of two offenses in one count, has been held in another case in this court, and I do not see any good reason to now change that view. While in 9 How. 354, and 32 Fed. Rep. 376, *supra,* the question was not directly raised, the indictments were for the cutting and removing of timber; and in *U. S.* v. *Fero,* 18 Fed. Rep. 901, with a somewhat similar statute under consideration, the above view was sustained. The demurrer is therefore overruled.