TAYLOR VS UNITED STATES.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 123).

1.   *Indictment—Counts That May be Joined.*

A statute in force in Indian Territory making it an offence "to manu-

facture, sell, give away, or in any manner or by any means, furnish to anyone, either for himself or another," any intoxicating drinks, an indictment, which in one count charges the selling, and in the next count the furnishing of intoxicating liquors, is not bad as charging two separate and distinct offences.

2. *Intoxicating Liquors—Agent, When Liable for Introduction, Etc.*

Under a statute in force in the Indian Territory denouncing the manufacturing; selling, giving away or furnishing any one intoxicating liquors, an agent who solicits an order for same for a non-resident dealer who ships direct to the purchaser, comes within the meaning of said statute whether he collects for said goods or not.

3. *Criminal Law—Statutes.*

The Act of Congress of March 1, 1895, put in force in Indian Territory Chapters 45 and 46 of Mansfield's Digest of Arkansas which provides, Sec. 2283, that a general verdict is either "guilty" or "not guilty", if guilty, the jury affixing the punishment of the amount thereof if not determined by law. *Held;* Same gives the defendant the right to demand that the jury affix the punishment, except under those statutes in which it is provided that the punishment shall be fixed in the discretion of the court and it is prejudicial error for the court to instruct the jury of this right when so requested by the defendant.

Appeal from the United States Court for the Southern District of the Indian Territory.   Before Justice J. T. Dickerson, March 13, 1905.

Will Taylor was convicted of selling and furnishing liquor to a person within the Indian Territory, and he appeals. Reversed and remanded.

The appellant was charged by indictment containing two counts, returned on the 1st day of October, 1904, first, with the sale of intoxicating liquors within the Southern district of the Indian Territory, to one J. B. Hutchins, and second, with the furnishing to the said J. B. Hutchins of intoxicating

.liquors. The appellant demurred to the indictment because the same charged two separate and distinct offenses. Demurrer was overruled, and he was placed upon his trial. The evidence showed that the appellant was an employe of the Cook County Liquor Company, a wholesale whisky house, engaged in business in the town of Gainesville, Tex.; that the appellant within Indian Territory solicited an order for whisky from the prosecuting witness, J. B. Hutchins; that he forwarded said order to the Cook County Liquor Company at Gainesville, Tex., where it was received and approved, and the liquor delivered to the express company at Gainesville, Tex., consigned to the prosecuting witness, J. B. Hutchins, at Tishomingo, I. T., where it was subsequently received by him, he paying the express charges. That thereafter, the appellant, within Indian Territory, collected the purchase price of said liquor, and turned the same over to his employer. That the appellant had no interest, in any way, in the business of the Cook County Liquor Company; that he was merely an employe authorized only to take orders and forward them to his employer, and to make collections in the Indian Territory; that he was not authorized to make a sale, or contract for a sale; that the liquor charged to have been sold, after the order therefor had been received, accepted, and approved by the Cook County Liquor Company, was taken from a large amount of liquors in stock and owned by the Cook County Liquor Company, and delivered to the express company at Gainesville, Tex. The court instructed the jury, in effect, that they should find the appellant guilty on the first count of the indictment; and withdrew from its consideration the second count. Appellant was compelled, over his objection, to testify that he had taken orders, and made collections of a similar character in various places in the Indian Territory. Appellant was convicted and sentenced to the penitentiary for four years, and to pay a fine of $500.

*Cruce, Cruce & Bleakmore,* for appellant.

*Wm. B. Johnson,* U. S. Atty., and *Jas. E. Humphreÿ,* Asst. U. S. Atty.

GILL, C. J. (after stating the facts). The appellant assigns the following errors: "(1) The court erred in over-ruling the demurrer to the indictment, and putting the appellant upon his trial for two separate and distinct offenses at the same time. (2) The court erred in admitting testimony, showing that appellant had taken orders and made collections in instances other than that charged in the indictment, and in compelling the defendant to admit that he had taken such orders, and made such collections. (3) The court erred in instructing the jury: 'You are instructed that if you believe from the evidence beyond a reasonable doubt that the defendant, Will Taylor, in the town of Tishomingo, in the Southern District of the Indian Territory, did take an order from one J. B. Hutchins for the delivery of whisky at a definite price, and in pursuance to said order said whisky was delivered without further effort on the part of the said J. B. Hutchins in the city of Tishomingo, in the Southern District of the Indian Territory, and that thereafter the said defendant, Will Taylor, collected from the said J. B. Hutchins, the said money for which he had agreed to deliver the said whisky, then the said defendant is guilty of a sale to the said J. B. Hutchins, and you will so find, and you should convict him under the first count of the indictment.' (4) The court erred in refusing to instruct the jury as requested by the defendant as follows (A) 'You are instructed to return a verdict of not guilty in this case. (B) You are instructed that before you can convict the defendant, you must believe from the evidence, beyond a reasonable doubt, that he sold to the prosecuting

witness intoxicating liquors within the Southern District of the Indian Territory. (C) You are instructed that if you find the defendant in this case was the employe of the Cook County Liquor Company, and as such authorized to take orders to be forwarded to his employer at Gainesville, Tex., and there to be accepted or rejected by such employer, and was not authorized himself to make sales or contracts of sale with the prosecuting witness, the fact that he solicited orders for intoxicating liquors, and forwarded the same to his principal would not amount to a sale of liquor under the laws in force in the Indian Territory. (D) You are further instructed that if it appears from the evidence that the defendant did solicit an order for liquors as described in the last-foregoing instruction, and that such order was accepted by the Cook County Liquor Company, and the liquor delivered to the express company, addressed to the prosecuting witness at Tishomingo, the delivery to the express company, at Gainesville, Tex., was a delivery to the prosecuting witness in the state of Texas, and not within the Indian Territory and that the sale was complete without the Indian Territory. (E) You are further instructed that the collection of an account in the Indian Territory due to the Cook County Liquor Company by reason of a sale of liquor to the prosecuting witness, is not an offense under the law in force in the Indian Territory. (F) You are further instructed that if you should find the defendant guilty, you should fix his punishment. (G) You are instructed that a delivery of the liquor to the express company at Gainesville, Tex., addressed to the prosecuting witness in this cause at Tishomingo, I. T., was in law, a delivery of such liquor to the prosecuting witness at Gainesville, in the state of Texas, and that the title to such liquor became vested in the prosecuting witness at Gainesville at that time. (H) You are instructed that the soliciting and taking of an order directed to the Cook County Liquor Company at Gainesville, Tex., to

be delivered to a purchaser in the Indian Territory, is not an offense against the laws in force in the Indian Territory. (1) You are instructed that the collection of a debt due to the Cook County Liquor Company from the prosecuting witness on account of liquors ordered by him through defendant, and shipped to the prosecuting witness by express from Gainesville, Tex., as shown by the evidence in this case, is not an offense against the laws in force in the Indian Territory.' (5) The court erred in overruling the motion for a new trial. (6) The court erred in overruling the motion in arrest of judgment." The court instructed the jury: "I give you no instructions on the second count, and that count will not be for your consideration," but aside from this we are of opinion and so decide that the indictment was sufficient and the demurrer was properly overruled. 1 Bishop, Criminal Procedure, §§ 422, 428, 436; United States vs Hull (D. C.) 14 Fed. 324; United States vs Fero (D. C.) 18 Fed. 901; State vs Connor, 30 Ohio St. 405; State vs Murphy, 47 Mo. 474; State vs Fancher, 71 Mo. 460; State vs Brannon, 50 Iowa, 372.

The statute upon which the indictment was founded reads as follows: "That any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself, or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to any one, or carrying into said territory any such liquors, or drinks, shall upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years." Held that where Taylor solicited and obtained

orders in Indian Territory for the sale of whisky or other intoxicating drinks and forwarded such orders to his employer, or principal located outside the territory, and on such order whisky or other intoxicating drinks were shipped into the territory and Taylor collected payment therefor, that this was a sale and delivery by Taylor of such intoxicants within the purview of the above statute, and further held that soliciting and receiving orders for the sale of whisky or other intoxicating drinks within Indian Territory, upon which orders intoxicants are shipped to the purchaser from outside the territory is a violation of the provisions of said statute whether the one soliciting such orders collects the purchase price thereof or some other person collects same. In view of this holding, there was no error as specified in No. 2; nor in the court's instruction as complained of as error No. 3. Nor, under this construction of the law, was there error in subdivisions A, B, C, D, E, or G in specification 4. But subdivision F of this last specification is as follows: "The court erred in refusing to instruct the jury as requested by defendant. * * * You are further instructed that if you find the defendant guilty, you should fix his punishment."

Counsel for appellee contends in a very strong presentation of the matter, that the District Courts in Indian Territory are governed as to fixing penalties by the United States Statute and procedure, and that the court alone is authorized to fix the penalty, the jury being authorized, only to determine whether guilty or not. We cannot accede to this. In Wil-Williams vs United States (I. T.) 69 S. W. 849, this court held: "But, under the Act of March 1st, 1895, we are of opinion that Congress intended to put in force and did put in force chapters 45 and 46 of Mansfield's Digest, entitled respectively Criminal Law and Criminal Procedure." Watkins vs United States, 1 I. T. 364, 41 S. W. 1044. Mansfield's Digest, chapter

46, section 2283 provides what a general verdict of a jury shall contain as follows: "Section 2283. A general verdict is either 'guilty' or 'not guilty' if guilty, the jury affixing the punishment if the amount thereof is not determined by law." Holding, as we do, that chapter 46 of Mansfield's Digest is in force, the law gives the defendant the right to demand that the jury affix the punishment, except under those statutes in which it is provided that the punishment shall be fixed in the discretion of the court. Failure to instruct the jury of this right when requested by defendant is prejudicial error. The motion for new trial should have been granted.

The cause is reversed, and remanded with directions to grant defendant a new trial.

CLAYTON. TOWNSEND, and LAWRENCE, JJ., concur.