CARNEY VS UNITED STATES.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 606).

1. *Manslaughter—Statutory Provisions.*

According to Mansf. Dig. § 1532 (Ind. Ter. Ann. St. 1899 § 875) manslaughter is the unlawful killing of a human being, without malice or deliberation, section 1533 provides that it must be done in a sudden heat of passion aroused by provocation sufficient to

render the passion irresistible. Section 1534 asserts the killing to be manslaughter if it is in commission of an unlawful act without malice or in the prosecution of a lawful act without due cause. There is no such crime as involuntary manslaughter.

2. *Criminal Law—Drunkenness.*

Mansf. Dig. § 1502 (Ind. Ter. Ann. St. 1899 § 845) declares drunkenness not to be an excuse for any crime or misdemeanor.

3. *Determination of Punishment by Jury.*

Upon request, a person being tried for manslaughter is entitled to have the jury finding him guilty determine the punishment.

Error to the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, March 2, 1900.

Barney Carney was convicted of manslaughter, and brings error. Reversed and remanded.

Plaintiff in error at the February term, 1904, of the United States Court of the Southern District of Indian Territory, at Ada, was indicted for the murder of Caddo Gordon, and was on the 27th day of February, 1905, convicted of manslaughter and sentenced to the penitentiary at Ft. Leavenworth, Kan., for five years and fined $100, from which sentence he appealed, execution being suspended upon his giving bond in the sum of $2,500, and the case now stands in this court on writ of error.

*Crawford & Bolen* and *Stillwell H. Russell,* for plaintiff in error.

*George R. Walker,* U. S. Atty., and *James E. Humphrey,* Asst. U. S. Atty.

GILL, C. J. The evidence in the case is to the effect: That plaintiff in error had been drinking to intoxication, and, while going along the road with a friend, came upon one Caddo Gordon, with whom he had acquaintance, and that he shot and killed Caddo Gordon. Before he came upon Gordon he had a pistol out and had been shooting it, while his friend

had a Winchester and had been shooting it. That as they came upon Gordon his friend told him to put his revolver up, and that he reached to put the revolver in his pocket, when it was shot off, resulting in Gordon's death. Defendant says there was no motive for the act and no explanation, except it be found in his mental condition; that the shooting was unintentional—the result of an accident—that plaintiff in error at the time was not only unconscious of the purpose or thought to wound deceased, but was unconscious of the presence of deceased and unconscious of having discharged a pistol, accidentally or otherwise, and makes 12 assignments of error, all of which relate to the instructions of the court given or refused, except the ninth, tenth, eleventh, and twelfth assignments of error. We have examined the instructions of the court, and think that they fairly state the law in this case. We have also examined the requested instructions which were refused by the court, and do not think that they are applicable to this case. We are of opinion that in this jurisdiction there is no such thing as involuntary manslaughter. The statute (Mansf. Dig. § 1532 [Ind. Ter. Ann. St. 1899, § 875]) defines manslaughter, and in section 1533, Mansf. Dig. [Ind. Ter. Ann. St. 1899, § 876], defines it as a voluntary act upon a sudden heat of passion caused by a provocation apparently sufficient to make the passion irresistible; and section 1534 describes the killing to be manslaughter if it be in the commission of an unlawful act without malice or in the prosecution of a lawful act but without due caution and circumspection. Section 1502, Mansf. Dig. [Ind. Ter. Ann. St. 1899, § 845], provides that "drunkenness shall not be an excuse for any crime or misdemeanor." But in this case plaintiff in error, as defendant, requested the court for an instruction to the jury that they might assess the punishment if they found defendant guilty, which instruction was by the court refused, and this was the right of defendant under the statute and the

court should have given the instruction. We have held heretofore, in the case of Taylor vs United States (Ind. Ter.) 98 S. W. 123, that the jury, when requested, should be allowed, under Mansfield's Digest, to assess the punishment, and this case must be reversed and remanded for failure of the court below to so instruct the jury.

This being our opinion, it is useless to consider in detail the instructions of the court below or those requested by plaintiff in error and refused by the court.

Reversed and remanded.

TOWNSEND, CLAYTON, and LAWRENCE, JJ., concur.