# UNITED STATES OF AMERICA
## v.
# MARIANO VILLANUA.

---

### Criminal, No. 411.

1. An indictment in a lottery case which charges the defendant with bringing, and causing to be brought, tickets into the United States, is not duplicitous.
2. Surplusage in an information may be rejected, and, if the bill still alleges violation of law in proper language, it will be upheld.

Opinion filed November 27, 1908.

---

*Mr. José R. Savage,* attorney for the plaintiff.

United States v. Villanúa.

*Mr. Henry F. Hord,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This is an indictment against the defendant for an alleged violation of the anti-lottery acts. The indictment sets forth that the defendant "did unlawfully and knowingly then and there bring and cause to be brought into the United States from abroad, that is to say, within the district of Porto Rico of the United States, from the Republic of Santo Domingo, fifteen hundred papers, certificates, or instruments, purporting to be and represent tickets and chances in, and dependent upon the result of, a certain lottery offering prizes depending upon lot or chance; to wit, in the Junta de Caridad 'Padre Bellini' lottery for the benefit of the Casa de Beneficencia y Orfelinato, Republic of Santo Domingo,

as he, the said Mariano Villanúa, then and there being and representing such tickets and chances in drawings of the lottery aforesaid thereafter to be held, the dates of such drawings and the more particular manner of such drawing, by which the lot or chance aforesaid was to be determined, being to the grand jury unknown,

which said papers, certificates, and instruments, he, the said Mariano Villanúa, then and there did bring and cause to be brought into the United States from abroad, as aforesaid, for the purpose of disposing of the same."

The defendant demurs to this indictment on the ground, first that it is bad for duplicity, in that it charges that he "did unlawfully and knowingly then and there bring and cause to be brought into the United States from abroad," etc. He contends

that to bring lottery tickets into the United States is a crime under the act of October 1, 1890 (26 Stat. at L. 615, chap. 1244), which is the act against the importation of obscene literature, etc., but also includes lottery tickets within its purview through a provision of the act of March 2, 1895 (28 Stat. at L. 963, chap. 191, U. S. Comp. Stat. 1901, p. 3178), and that, under the former, the only penalty is the forfeiture of the lottery tickets by a proper proceeding, while the latter act makes it a crime for any person who shall cause such tickets to be brought into the United States, and provides a heavy penalty therefor.

He further demurs to the indictment on the ground that the words left separate above in the body of the indictment render it unintelligible. It is manifest that whoever drew the indictment left out some portion of what he intended to put in, but here, that which precedes and that which follows the portion we have separated as above charges a violation of the anti-lottery act in proper language, and is sufficient of itself, and therefore we hold that the language referred to can be treated as surplusage.

It was held in United States v. Janes, 74 Fed. 545, that "an allegation that defendant did deposit, and cause to be deposited, obscene matter in the mails, is not such duplicity as vitiates an indictment." United States v. Hull, 4 McCrary, 272, 14 Fed. 324; 1 Bishop, Crim. Proc. §§ 434, 435; United States v. Stone, 49 Fed. 848; United States v. Fero, 18 Fed. 901.

We think also that the Supreme Court of the United States in Crain v. United States, 162 U. S. 625, 40 L. ed. 1097, 16 Sup. Ct. Rep. 952, sustains us in holding that this indictment is not bad for duplicity.