# UNITED STATES *v.* BRITTON.

*(Commissioner's Court, S. D. Ohio.   1883.*

MAILING OBSCENE LETTER—REV. ST. § 3893.
The mailing in a sealed envelope of a letter which, in whole or in part, contains matter which would have a depraving, a demoralizing, or a corrupting influence on the person to whose hands it might come. is an offense within the meaning of section 3893 of the Revised Statutes.

On Motion for Discharge of Defendant.
*Henry Hooper* and *Theo. Kemper*, for the Government.
*Wm. M. Ramsey* and *John F. Follett*, for defendant.

PROBASCO, Commissioner. It is complained that defendant wrote and deposited for mailing to Mrs. Omer Cole a certain lewd, lascivious, and obscene writing, which writing was also of an indecent character, in violation of section 3893 of the Revised Statutes, as amended by the act of July 12, 1876.

Counsel for defendant stated that if the prosecution would introduce the letter in question and rest its case, that defendant would move his discharge, and, in the event of such motion being overruled, he would waive examination. This plan was adopted, and now this matter comes to be heard upon the motion of defendant for his discharge. The grounds of the motion are that the statute does not contemplate the mailing of such objectionable matter by a sealed letter, and that, even if it does so contemplate, the letter introduced is in no sense obscene, lewd, lascivious, or of an indecent character.

Congress, beyond doubt, having had its attention called to the abuse of the mails by the transmission of vulgar literature therein, and the consequent demoralization of the people at large, enacted this law intending thereby to purify the mails by stopping the dissemination of immoral and debasing matter or literature; and this literature or matter may be written, printed, drawn, or otherwise made intelligible to whomsoever might possibly be susceptible to the evil influences thereof. Congress did not seek protection of the post-office employe. It did not seek to prevent the printing of such matter. And, having in view the general purity and decency of the mail, it has not singled out a sealed letter as the only vehicle in which such vile trash can be sown through the land, and given it *carte blanche* privileges, while books, pamphlets, newspapers, and other printed matter of like ilk, which can be as securely sealed as the letter, is denied admission.

Can it be supposed that a "book," the only one of its kind, a mine of obscenity and a cess-pool of filth, can be tightly sealed and confidentially mailed to a susceptible person for him or her to exhaust of its poison and then remail it to a friend, and so on *ad infinitum* until thousands yield to its lewd influence and countless injury be done? Or suppose some master hand to have executed a skillfully lustful and lascivious picture, and sent it as in the instance of the book I have just imagined, can it be said that the result of such an act was not what was aimed at by this law, and is it possible that this would be no violation of the law? If it be so contended I think it a mistaken view. Judge DRUMMOND has decided, in *U. S.* v. *Gaylord*, 17 FED. REP. 438, that there need be no publication of such matter mailed, and that a letter is within the statute. Because the context contains the word "letter" in another connection, is no reason for an argument that the word "writing," as used in the statute, refers to some some other form of literature than a letter; for the word "writing" means anything written or expressed in "letters," and "letter" is defined as a "written or printed message," and what the the word "let-

ter," as used in the context, includes, is not now for consideration. Suffice it to say that "written," as used, includes a "letter."

Is the language used in the letter complained of, as read in the light of the statute, obscene or lewd or lascivious, or of an indecent character? In the case of *U. S.* v. *Bennett*, 16 Blatchf. 338, the court—all the judges, BLATCHFORD, BENEDICT, and CHOATE, concurring —laid down the "test of obscenity as used in the statute: It is whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands a publication of this kind may fall." They also have decided that the word "lewd," as used, means "having a tendency to excite lustful thoughts," and that "passages are indecent within the meaning of the act when they tend to obscenity; that is to say, matter having the form of indecency which is calculated to promote the general corruption of morals;" and, further, "it is not a question whether it would corrupt the morals of every person.   *   *   *   It is within the law if it would suggest impure and libidinous thoughts in the minds of the young and the inexperienced." And the court, in *U. S.* v. *Pratt*, 2 Amer. Law T. Rep. (N. S.) 228, went so far as to decide that in the case where "A. mailed a postal directed to B., having written upon it certain words which imputed illicit intercourse to C. and another, but in which no epithet in the form of substantive or adjective was used," there was no offense within the statute.

If this letter, in whole or in part, contains matter which, if in the hands of a young boy or girl, or of any susceptible or inexperienced person, would have a depraving, a demoralizing, or a corrupting influence upon him or her, then this is such a letter as is denied admission to the mails. And, in considering the question, I cannot inquire as to the purpose or motive of the writer. "It is the matter that governs, not the motive." It is what he says, not why he says it.

And now, with the judgment of the court in the *Bennett Case* as to what is "obscene" matter, and throwing aside what motive actuated the letter, and taking it alone, does the writing and mailing of the letter come within the statute? If this letter should fall into the hands of an inexperienced or susceptible boy or girl, or other persons, it could not but excite in him or her impure thoughts and indecent ideas. It is "obscene" because it is "offensive to delicacy, exposing or presenting to the mind something which delicacy, purity, and decency forbid to be exposed." It is certainly "indecent," for it is beyond mistake "offensive to modesty and delicacy." I do not regard the letter as "lascivious," for it does not "tend to excite lust," nor do I consider it "lewd."

Congress has passed this law, having in mind the meaning of common terms, and has used these, to-wit, "obscene," "indecent," "lewd," and "lascivious," in defining what kind of matter is non-mailable, and it meant, by the use of those common and plain words, that nothing should circulate in the mail which would disseminate immorality in

any form to the people. Therefore, I am led to the irresistible conclusion that the mailing of this letter is a violation of the law. To what extent or in what degree it is a violation is not for me to determine. Every violation of this law should be heeded, and thus there will be secured to the people a pure, decent, and undefiled mail.

The motion is overruled.