## In re WAHLL.

*(District Court, D. Minnesota. May 12, 1890.)*

1. POST-OFFICE—SENDING OBSCENE MATTER THROUGH THE MAILS—PRIVATE LETTERS.
   Rev. St. U. S. § 3893, as amended by act of September 26, 1888, making it an offense to deposit in the post-office, for mailing or delivery, any "obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, * * * of an indecent character, * * * whether sealed as first-class matter or not," includes a private letter, inclosed in a sealed envelope, and containing such prohibited matter.

2. SAME—SUFFICIENCY OF COMPLAINT.
   A complaint against a person for violation of such section is sufficient if it merely charges defendant with having deposited in the mail on obscene, lewd, and lascivious letter, without setting out the language used in the letter.

3. SAME—EXAMINATION BEFORE COMMISSIONER.
   Where the examination of a person charged with the violation of a United States statute is transferred by the commissioner before whom the warrant is returnable to another commissioner in the same district, the latter has jurisdiction to take the examination and commit defendant, if the charge is sustained.

Petition for Writ of *Habeas Corpus.*
*Halvor Steenerson,* for petitioner.
*Eugene G. Hay,* U. S. Dist. Atty., for respondent.

NELSON, J. A petition signed by Barney A. Wahll was presented to me on May 8, 1890. The petitioner represented and complained that he,

the said Wahll, is unjustly and unlawfully detained and imprisoned, and restrained of his liberty, by William M. Campbell, marshal of the United States for the district of Minnesota, in the county jail at Winona, and that the cause of the petitioner's confinement, restraint, and imprisonment is as follows: That on the 4th day of April, 1890, Eugene G. Hay, acting as United States district attorney for said district, made a complaint before Ambrose Tighe, a commissioner of the circuit court of the United States in said district, wherein and whereby he, the said Eugene G. Hay, attempted to charge the petitioner with having committed an offense against section 3893 of the Revised Statutes of the United States, and that the commissioner issued a warrant directed to the said Campbell, as marshal, commanding him to forthwith arrest the petitioner, and bring him before Frank Ives, a commissioner of the circuit court aforesaid, residing in Crookston, in said district, there to be dealt with according to law; that the petitioner was arrested and brought before Commissioner Ives on April 22, 1890, and, upon motion of petitioner's counsel and affidavit, the examination was transferred to Commissioner George, in said district, who proceeded to hear the case, after overruling a motion to discharge on the ground that no offense was charged in the complaint and warrant, and he committed the petitioner. The warrant of commitment is as follows:

"U. S. OF AMERICA, DISTRICT OF MINNESOTA—*ss.:*

"*The President of the United States of America to the Marshal of the District of Minnesota and to the Keeper of the Jail of Winona, in the State of Minnesota, Greeting:*

"Whereas, Barney A. Wahll has been arrested upon the oath of Eugene G. Hay, United States district attorney, for having, on or about the 19th day of April, 1889, in said district, in violation of sec. 3893 of the Revised Statutes of the United States, unlawfully, wrongfully, and knowingly deposited, and caused to be deposited, a certain letter in a post-office of the United States, to-wit, the post-office of King, in Polk county, state of Minnesota, in said district, and within the jurisdiction of this court, for mailing and delivery to one Miss Eva Johnson, of Ovetia P. O., in said Polk county, Minnesota, which said letter was written on four several sheets or pieces of paper, on each of which were illuminated comical pictures commonly known as and called ' comic valentines,' and then and there containing and consisting of indecent, obscene, lewd, and lascivious delineations, epithets, terms, words, and writing, and which said letter was then and there a lewd, obscene, and lascivious letter, and was inclosed in a sealed envelope, and containing the following superscription: ' Miss Eva Johnson, Ovetia, Polk Co., Minn.;' and the following postmark: ' King Minn Apl 19/90;' and, after an examination being this day had by me, it appearing to me that said offense had been committed, and probable cause being shown to believe said Barney A. Wahll committed said offense, as charged, I have directed that said Barney A. Wahll be held to bail, in the sum of $500, to appear at the first day of the next term of the district court of the United States for the district of Minnesota, at Winona, and he having failed to give the required bail: Now, these are, therefore, in the name and by the authority aforesaid, to command you, the said marshal, to commit the said Barney A. Wahll to the custody of the keeper of said jail of Winona, Minn., and to leave with said jailer a certified copy of this writ, and to command you, the keeper of said jail of said county, to receive the said Barney A. Wahll, prisoner of the

U. S. of America, into your custody in said jail, and him there safely to keep until he be discharged by due course of law.

"In witness whereof, I have hereunto set my hand and seal at my office in said district this 1st day of May, A. D. 1890.

"EDWARD GEORGE, [Seal.]

"Commissioner of the Circuit Court of the U. S. for the District of Minnesota."

The petitioner alleges that his detention and imprisonment is by virtue of the complaint, warrant, and commitment only, and that the same are wholly void, for the reason that they, and each of them, fail to contain or allege facts sufficient to constitute an offense against the laws of the United States, and that said commissioner, George, had no jurisdiction to issue the warrant of commitment, and no evidence was produced in support of said pretended charge. A writ of *habeas corpus* is prayed for, and a writ of *certiorari* to bring the evidence taken by the commissioner before the court. The petition being sworn to, a writ of *habeas corpus*, returnable forthwith, was issued and delivered to Marshal Campbell, who made a return certifying that he held the petitioner, Wahll, in custody by virtue of the warrant of commitment of Commissioner George, which is attached, and made part of the return, being the same as set forth, and accompanying the petition; and the body of the petitioner is also produced in court. The order for a writ of *certiorari* is waived by petitioner's counsel, and a motion to discharge is made upon the petition and return with the warrant of commitment.

It is urged (1) that the commissioner had no jurisdiction; (2) that the facts in the complaint are too indefinite to inform Wahll of the charge against him; (3) that no offense is charged.

It is sufficient to say, in reference to the first reason urged, that Commissioner George, who heard the case, was a duly-appointed commissioner of the circuit court, and fully empowered to examine the charge made against Wahll, and commit him, if in his opinion the charge was sustained. The transfer from Commissioner Ives, under the circumstances, was proper, and is the usual mode of procedure where, for any reason, one commissioner may not be able to sit as an examining magistrate. Besides, the transfer was made at the request of Wahll's counsel, and on his behalf.

There is little force in the second reason presented. The accused was clearly and fairly informed of the charge against him; sufficiently so, at least, to enable him to make his defense, and that is all that can be required. The obscene and lascivious language used in the letter, the law does not require to be set forth *in hæc verba*.

The third reason assigned for the petitioner's discharge is the only one presented about which there might be an honest difference of opinion. The charge is that Wahll, about April 19, 1890, in violation of section 3893 of the United States Revised Statutes, unlawfully, wrongfully, and knowingly deposited, and caused to be deposited, in a post-office of the United States, to-wit, the post-office of King, Polk county, Minn., in said district, and within the jurisdiction of this court, for mailing and deliv-

ery to Miss Eva Johnson, at Ovetia P. O., Polk county, Minn., which said letter was written on several sheets or pieces of paper, on each of which were illuminated comic pictures, commonly called "valentines," containing and consisting of indecent, obscene, and lascivious delineations, epithets, terms, and words, and which said letter was then and there an obscene and lascivious letter, and was inclosed in a sealed envelope, and contained the following superscription: "Miss Eva Johnson, Ovetia, Polk Co., Minn."

On September 26, 1888, section 3893 was amended so as to read as follows:

"Every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception or procuring of abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where or how, or of whom, or by what means, any of the hereinbefore mentioned matters, articles, or things may be obtained or made, whether sealed as first-class matter or not, are hereby declared to be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office nor by any letter-carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, or any person who shall knowingly take the same, or cause the same to be taken, from the mails, for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same, shall for each and every offense be fined, upon conviction thereof, not more than $5,000, or imprisoned at hard labor not more than five years, or both, at the discretion of the court. And all offenses committed under the section of which this is amendatory, prior to the approval of this act, may be prosecuted and punished under the same in the same manner, and with the same effect, as if this act had not been passed: provided, that nothing in this act shall authorize any person to open any letter or sealed matter of the first class not addressed to himself."

It is urged that knowingly depositing in a post-office, for mailing and delivery, a private letter in a sealed envelope, although containing obscene and lascivious and indecent messages and epithets, is not an offense, or in violation of section 3893, even as amended September 26, 1888; and the reason urged is that, no matter how grossly obscene may be the character of the letter, its form protects it, and, being sealed, it is mail matter entitled to be transported, and cannot be excluded from the mail. It must be admitted that congress has the power to prescribe regulations as to what shall constitute mail matter, but it is urged that the sanctity thrown around the private correspondence of the citizen by law, and the difficulty of enforcing a regulation excluding from the mail an obscene sealed letter, has in the past deterred congress from including sealed letters within the express terms of section 3893; and the present amendment, which specifies and excludes obscene letters from the mails, must be limited to unsealed letters. The legislation on this subject is first found in the act of June 8, 1872, which provides—

"That no obscene book, pamphlet, picture, print, or other publication of a vulgar or indecent character, or any letter upon the envelope of which, or

postal card upon which, scurrilous epithets may have been written or printed, * * * shall be carried in the mail."

The statute, amended from time to time, became section 3893, Rev. St., and in 1876 was again amended by adding the word "writing" before "print," and substituted this provision: "And every letter, upon the envelope of which, or postal-card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed," is declared to be non-mailable matter. The decisions upon this section, as it stood in 1876, were conflicting. Some courts vigorously insisted that the word "writing" was so comprehensive as to include a private, sealed letter. Others asserted that, by the amendment of the word "writing," congress intended that it should be a publication, and be so limited, and that sending an obscene sealed letter through the mail to another person, no one but the person mailing the letter, and the person to whom it was addressed, knowing anything about it, was not a "publication," within the meaning of the statute; and then, again, the statute itself, in speaking of letters, excluded only those upon the envelope of which indecent and obscene epithets, etc., were written or printed. Which view of the statute, as we find it after the amendment inserting the word "writing," is correct, is immaterial now. In my opinion, since the amendment of September 26, 1888, there can be no reasonable doubt that congress clearly expressed its intention to exclude obscene letters, whether private and sealed or unsealed. It in terms included an obscene letter, without any limitation, and struck out of section 3893 the former clause in reference to letters upon the envelopes of which obscene epithets, etc., were written or printed. It provided for guarding the sanctity and security of private correspondence by a provision that no sealed letter should be opened by any person except the one to whom addressed, but in no doubtful language declares an obscene letter non-mailable.

It is urged that the rule of *noscitur a sociis* would still limit the word "letters" to an unsealed publication. While ordinarily this rule of interpretation is recognized, still, when the intention of congress is apparent from the history of the legislation on the subject, and its clearly-expressed language, courts will not enforce the rule.

I think no one can follow the legislation from 1872 up to September 26, 1888, without being convinced that congress intended finally to purge the United States mail, and as far as possible prevent it from becoming a vehicle for the transmission of obscene, indecent, and lascivious messages. The writ of *habeas corpus* is dismissed, and the prisoner remanded to the marshal.