UNITED STATES *v.* CLARK.

(*District Court, S. D. Iowa, W. D.*   September 27, 1890.)

OFFENSES AGAINST THE MAILS—INDECENT LETTERS.
      Under Rev. St. U. S. § 3893, declaring that "every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, * * * are hereby declared to be non-mailable matter," and declaring that any person who knowingly mails any such matter shall be liable to punishment, the mailing of a letter of indecent character, but which is not obscene, lewd, or lascivious, is not an offense, for it is not a "publication" within the meaning of the statute.

At Law.   Indictment for sending indecent letters through the mails.
*Lewis Miles*, Dist. Atty., for the United States.
*W. F. Sapp*, for defendant.

SHIRAS, J.   The indictment in this case is based upon section 3893 of the Revised Statutes, as amended by the act of September 26, 1888, and which enacts that "every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, * * * are hereby declared to be non-mailable matter;" and further declares that parties who knowingly mail any such matter are liable to punishment. The charge in the indictment is that the defendant knowingly deposited in the post-office, to be forwarded and delivered to a party named, a letter of an indecent character, the contents being set forth in the indictment. The demurrer presents the question whether a letter of an indecent character is within the terms of the statute. As set forth in the indictment, the letter contains threats against the party to whom it is addressed, and also contains indecent epithets, the whole production being of a highly reprehensible character, clearly bringing it within the description given it in the indictment; that is, a letter of indecent character. There is, however, nothing of an obscene, lewd, or lascivious nature contained in the letter. In support of the demurrer it is urged that the words, "or other publication of an indecent character," do not provide a further or distinct class of non-mailable matter, but that these words are intended to be a further limitation upon the obscene, lewd, or lascivious publications named in the first part of the sentence; and that to come within the statute the book, writing, letter, or other matter must be obscene, lewd, or lascivious, and of an indecent character.

On behalf of the government it is contended that these words, "or other publication of an indecent character," are intended to define a new or

additional class of non-mailable matter; and that if the publication is of an indecent character it falls within the prohibition of the statute, although it may not be obscene, lewd, or lascivious. It is not necessary in this case to decide which of these views of the section is correct. If it be admitted that the words named do define a further class of non-mailable matter, as is claimed by the district attorney, nevertheless the class thus defined includes only publications of an indecent character, and a letter is not a publication within the meaning of this clause. In the case of *U. S.* v. *Chase,* 135 U. S. 255, 10 Sup. Ct. Rep. 756, the question whether the sending a letter from one person to another made it a publication within the meaning of the statute is discussed, and the conclusion reached that "the statute prohibits the conveyance by mail of matter which is a publication before it is mailed, and not such as becomes a publication by reason of its being mailed;" and therefore that a letter was not included within the words "other publication." This case arose under the statute as it was before the amendment of 1888 was passed; but the construction of the phrase, "other publication," as found in the statute before the amendment, is applicable to it as it now stands, after the amendment. The letter, therefore, set up in the present indictment, not being a publication within the meaning of the statute, and not being of an obscene, lewd, or lascivious character, does not fall within the prohibition of the statute, and the indictment fails to show the commission of an offense against its provisions. Demurrer is therefore sustained.