## UNITED STATES *v.* LYNCH *et al.*

*(District Court, S. D. California. March 10, 1892.)*

LOTTERIES—MAILS—INDICTMENT.

Under Act Cong. Sept. 19, 1890, making it a misdemeanor to deposit in the mail any newspaper containing the advertisement of a lottery, an indictment charging, in the language of the act, that defendant committed the offense by depositing such newspaper in the mail, etc., and setting forth the name and address of the person to whom it was sent, is sufficient without alleging prepayment of postage thereon.

At Law. Indictment against Joseph D. Lynch and James J. Ayers for mailing lottery advertisements. Demurrer to the indictment. Overruled.

*M. T. Allen,* U. S. Atty.

*A. B. Hotchkiss* and *Jay E. Hunter,* for defendants.

Before Ross, District Judge.

Ross, District Judge. The statute on which the indictment in this case is based declares, among other things, that—

"No letter, postal-card, or circular concerning any lottery, * * * and no list of the drawings at any lottery, * * * shall be carried in the mail, or delivered at or through any post-office or branch thereof, or by any letter-carrier; nor shall any newspaper * * * containing any advertisement of any lottery, * * * or containing any list of prizes awarded at the drawings of any such lottery, * * * whether said list is of any part or of all of the drawing, be carried in the mail or delivered by any postmaster or letter-carrier. Any person who shall knowingly deposit or cause to be deposited * * * anything to be conveyed or delivered by mail in violation of this section * * * shall be deemed guilty of a misdemeanor," etc.

It is quite obvious from this language that any person who shall knowingly deposit or cause to be deposited in a United States post-office, to be conveyed or delivered by mail, any newspaper containing any list of prizes awarded at the drawing of any such lottery, whether the list is of any part or of all of the drawing, is guilty of the offense denounced by the statute. The words of the statute themselves fully, directly, and

expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and, that being so, an indictment that charges the offense in the language of the statute is sufficient. *U. S.* v. *Carll,* 105 U. S. 611. Turning to the indictment, it is seen that it charges that the defendants, at a certain designated time, did willfully, unlawfully, wrongfully, and knowingly deposit and cause to be deposited in the United States post-office at the city of Los Angeles, to be conveyed and delivered by United States mail, a certain newspaper, (describing it,) which said newspaper then and there contained a list of prizes awarded at the drawing of a certain lottery, (describing it;) the defendants then and there well knowing that the said newspaper then and there by them deposited and caused to be deposited, to be conveyed and delivered by the said mail, contained such list of prizes awarded at the drawing of such lottery, and then and there concerned a lottery, and then and there to be unmailable matter. The newspaper described in the first count of the indictment, and alleged to have been so deposited and caused to be deposited, to be so conveyed and delivered, is therein alleged to have been addressed to "John Wolfskill, Santa Monica." Similar offenses are alleged in the second, third, and fourth counts of the indictment, except that in the second the newspaper therein charged to have been by the defendants deposited and caused to be deposited, to be conveyed and delivered by the United States mail, is alleged to have been addressed "Outlook X;" in the third, to have been addressed "F. R. Ellis;" and in the fourth, "Santa Monica." The address goes only to the point of the identification of the paper alleged to have been deposited and caused to be deposited, and to indicate to whom or where it is to be conveyed and delivered. The gist of the offense consists in the depositing or causing to be deposited, to be conveyed or delivered by the mail, any newspaper containing or relating to the prohibited matter. Nor is it good ground of objection to the indictment that it does not allege the payment of postage upon the papers in question. The statute does not make prepayment of postage an element of the offense defined. The indictment is, in my opinion, sufficient, and the demurrer is therefore overruled.