UNITED STATES v. ANDREWS.

(District Court, S. D. California. December 6, 1893.)

POST OFFICE—OBSCENE MATTER—PRIVATE SEALED LETTER.

    The amendment of September 26, 1888, by which the word "letter" was inserted in the list of nonmailable matter enumerated in Rev. St. § 3893, brings within the prohibition thereof an obscene, private, sealed letter. U. S. v. Wilson, 58 Fed. 768, disapproved.

At Law. Indictment of A. D. Andrews for mailing an obscene letter. Heard on demurrer. Overruled.

George J. Denis, U. S. Atty.

J. Marion Brooks, for defendant.

ROSS, District Judge. The demurrer in this case raises the question whether a private, sealed letter, upon the envelope of which there is nothing but the name and address of the person to whom it is sent, is within the prohibition of section 3893 of the Revised Statutes, as amended by the act of September 26, 1888, (25 Stat. 496,) by which amendment the word "letter" was included in the list of articles made nonmailable by reason of their obscene, lewd, lascivious, or otherwise improper character. In support of the demurrer the counsel for the defendant relies upon a very recent decision of the district court for the northern district of California, in which it was held by Judge Morrow that such a letter does not come within the inhibition of the statute as amended in 1888. U. S. v. Wilson, 58 Fed. 768. I regret to be obliged to differ from Brother Morrow in that respect. . From his opinion, with which I have been favored, it appears that his conclusion is based upon the opinion of the supreme court in the case of U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, and particularly upon certain rules of construction there referred to by the court.

The indictment under consideration in that case was founded on section 3893 of the Revised Statutes, as amended by the act of July 12, 1876, (19 Stat. 90.) The matter thereby excluded from the mails was thus described in the statute: "Every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception or procuring of abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where or how or of whom or by what means any of the hereinbefore mentioned matters, articles, or things may be obtained or made, and every letter upon the envelope of which, or postal card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed;" and the question presented to the court was whether the term "writing" included a sealed letter upon the envelope of which there was nothing but the name and address of the person to whom the letter was written. Upon that question the decisions of the lower courts had been theretofore conflicting, some holding that it did, and others that it did not. In holding that the term "writing" did not include such a letter, the supreme court said, among other things:

"In the statute under consideration the word 'writing' is used as one of a group or class of words,—book, pamphlet, picture, paper, writing, print,—each of which is ordinarily and prima facie understood to be a publication; and the enumeration concludes with the general phrase 'or other publication,' which applies to all the articles enumerated, and marks each with the common quality indicated. It must, therefore, according to a well-defined rule of construction, be a published writing which is contemplated by the statute, and not a private letter, on the outside of which there is nothing but the name and address of the person to whom it is written. We do not think it a reasonable construction of the statute to say that the vast mass of postal matter known as 'letters' was intended by congress to be expressed in a term so general and vague as the word 'writing,' when it would have been just

as easy, and also in strict accordance with all its other postal laws and regulations, to say 'letters' when letters were meant; and the very fact that the word 'letters' is not specially mentioned among the enumerated articles in this clause is itself conclusive that congress intended to exclude private letters from its operations."

The supreme court found a further argument in support of its view in the fact that the statute it was construing, after declaring by enumeration what articles should be nonmailable, added a separate and distinct clause declaring that "every letter upon the envelope of which * * * indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed * * * shall not be conveyed in the mails," and the person knowingly or willfully depositing the same in the mails "shall be deemed guilty of a misdemeanor," etc. This distinctly additional clause, said the court, "specifically designating and describing the particular class of letters which shall be nonmailable, clearly limits the inhibitions of the statute to that class of letters alone whose indecent matter is exposed on the envelope."

All of this is cogent reasoning why the term "writing," in section 3893 of the Revised Statutes, as amended by the act of July 12, 1876, did not include a private, sealed letter, upon the envelope of which there is nothing but the name and address of the person to whom the letter is written. But I am unable to see that it is at all applicable to the amendment of September 26, 1888, by which not only the specific term "letter" was inserted in the statute, but the separate and distinct clause of the act of July 12, 1876, declaring that "every letter, upon the envelope of which * * * indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed * * * shall not be conveyed in the mails," was omitted, and the prohibition in respect to delineations, epithets, etc., upon the envelope or outside cover or wrapper was made applicable to all matter otherwise mailable by law. Congress was not content with the law of 1876, by which, as has been seen, a particular class of letters only was excluded from the mail, to wit, those upon the envelope of which indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written; and by the amendment of September 26, 1888, struck out that limitation, and inserted the specific word "letter" among the excluded things, without regard to what should be upon the envelope. It is difficult to see how the intent of congress to exclude all letters of the character denounced could have been made plainer. By a proviso to the act of September 26, 1888, it was declared that nothing in the act shall authorize any person to open any letter or sealed matter of the first class not addressed to himself. This provision of the statute, securing the sanctity of private correspondence, is in line with what was held by the supreme court in Ex parte Jackson, 96 U. S. 735, where it was said that, while the law excluding from the mails obscene, lewd, or lascivious letters cannot "be enforced in a way which would require or permit an examination into letters or sealed packages subject to letter postage without warrant, issued upon oath or affirmation, in the search for prohibited matter, they may be enforced upon competent evidence of their violation in other

ways; as from the parties receiving the letters or packages, or from agents depositing them in the post office, or others cognizant of the facts."

Demurrer overruled.