## UNITED STATES v. WARNER.

(District Court, D. Washington, N. D. January 16, 1894.)

No. 690.

POST OFFICE—OBSCENE SEALED LETTERS.
 The mailing of an obscene private sealed letter is not within the prohibition of Rev. St. § 3893, even as amended September 26, 1888, by inserting the word "letter;" for all the enumerating words are limited by the concluding words "or other publication." U. S. v. Wilson, 58 Fed. 768, followed.

At Law. Indictment of J. M. Warner for mailing an indecent letter in a sealed envelope, in violation of section 3893, Rev. St., as amended by Act Sept. 26, 1888, (1 Supp. Rev. St. [2d Ed.] 621.) Demurrer sustained.

Wm. H. Brinker, U. S. Atty.
A. R. Jones and C. W. Turner, for defendant.

HANFORD, District Judge. The question raised by the demurrer to the indictment in this case is whether the sending by mail in a sealed envelope of a personal written communication from one individual to another is a crime, cognizable in this court. The indictment is founded upon section 3893, Rev. St., which, as amended by Act Sept. 26, 1888, (1 Supp. Rev. St. [2d Ed.] 621,) reads as follows:

"Every obscene, lewd or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, * * * whether sealed as first-class matter or not, are hereby declared to be non mailable matter. * * * And every person who shall knowingly deposit, or cause to be deposited for mailing or delivery, anything declared by this section to be non mailable, * * * shall, for each and every offense, be fined. * * *"

The supreme court of the United States in the case of U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, gave an authoritative interpretation to this law, as it stood previous to the amendatory act of 1888, as follows:

"In the statute under consideration, the word 'writing' is used as one of a group or class of words,—book, pamphlet, picture, paper, writing, print,— each of which is ordinarily and prima facie understood to be a publication; and the enumeration concludes with the general phrase 'or other publication,' which applies to all the articles enumerated, and marks each with the common quality indicated. It must therefore, according to a well-defined rule of construction, be a published writing which is contemplated by the statute, and not a private letter, on the outside of which there is nothing but the name and address of the person to whom it is written."

It is impossible to follow the rule of construction which the supreme court has applied to this statute, and yet hold that the word "letter," interpolated into it by the amendment, is not qualified by the general phrase "or other publication." It is also hard to give the amendment any effect, and yet hold that mere private letters of an indecent character are not within the inhibition of the statute. The question is therefore perplexing. I am unable to agree with Judge Ross, who, in passing upon the same question, in the case of U. S. v. Andrews, 58 Fed. 861, is reported as saying that:

"It is difficult to see how the intent of congress to exclude all letters of the character denounced could have been made plainer."

The opinion of Judge Morrow in the case of U. S. v. Wilson, 58 Fed. 768, contains a careful review of the history of legislation and of the authorities upon this subject, and, for reasons which to me appear to be sufficient, he sustained a demurrer to a similar indictment. After deliberation I am in doubt. I cannot say that the facts stated bring the case clearly within the intent and letter of the statute. The courts of the United States have no power to punish an act which is merely wrongful, nor, by construction, to include within the penal statutes offenses which are not plainly specified. Being conscious of having an actual doubt in this case,

which I consider that a reasonable mind may justly entertain, I am constrained to follow the decision of Judge Morrow in U. S. v. Wilson.

The demurrer is therefore sustained, and the indictment will be quashed.