UNITED STATES v. NATHAN.

(District Court, N. D. Iowa, W. D. May 30, 1894.)

1. POST OFFICE—OBSCENE LETTER.
    An obscene letter constitutes nonmailable matter (25 Stat. 496), although no obscene matter appears on the envelope.

2. SAME—INDICTMENT—SCIENTER.
    Where an indictment for the mailing of obscene matter charges that defendant "knowingly deposited in the post office an obscene letter," the word "knowingly" qualifies the whole act charged, and it is not necessary to allege that he knew the letter to be obscene. U. S. v. Clark, 37 Fed. 106, followed.

Indictment against William J. Nathan for mailing an obscene letter. Defendant demurs.

Cato Sells, Dist. Atty., for the United States.
Argo, McDuffie & Argo, for defendant.

SHIRAS, District Judge. The indictment in this case is based upon the second section of the act of congress approved September 26, 1888 (25 Stat. 496), and charges that the defendant did knowingly deposit in the post office of the United States, at the town of Granvelle, Sioux county, Iowa, for mailing and delivery, a certain envelope, containing an obscene, lewd, and indecent letter. The demurrer presents the question whether the mailing an obscene letter inclosed in an envelope is within the inhibition of the statute if nothing obscene, indecent, or improper is written upon the outside of the envelope. The second section of the act of September 26, 1888, amends section 3893 of the Revised Statutes, and the first section amends the act of June 18, 1888; and, as the statutes now stand, the first section declares all matter, otherwise mailable, upon the envelope or outer cover or wrapper of which, or any postal card, upon which, are found any delineations, epithets, terms, or language of an indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated, by the terms, manner, or style thereof, to reflect injuriously upon the character or conduct of another, to be nonmailable. The general purpose of this section is plain. It is to prevent the postal facilities

of the United States from being used as a means for the publication of obscene, lewd, libelous, defamatory, or threatening matter, tending to injure the character of any citizen. Sending through the public mails a package or letter upon the cover or wrapper of which, or a postal card, on which, is written, printed, stamped, or delineated any libelous or defamatory matter, would be a publication of such matter, because it would be open to the inspection of all through whose hands it would pass, in the course of transmission, through the mails. This section is intended to protect the citizen from the possible injury which might be caused him by the publication, in the manner indicated, of libelous, lewd, defamatory, or threatening matter. This possible injury can only arise when such matter is brought within the knowledge of a third party, and hence the section is confined to matters upon the outside of which is found the prohibited delineations, epithets, writing, etc.

A libelous, defamatory, or threatening letter, if inclosed in a wrapper, envelope, or other cover, whereby its contents are kept from the knowledge of third parties, would not fall within the inhibition of the first section of the statute, because the evil this section is mainly aimed at would not arise unless the libelous or defamatory matter is in some way brought to the knowledge of a third party. If, therefore, the indictment in this case was based upon the first section of the act of 1888, it would be faulty, in that it appears that the lewd and obscene letter was inclosed in an envelope, and it is not averred that any nonmailable matter appears upon the envelope. The indictment, however, is based upon the provisions of the second section, which declares that "every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, printing, or other publication of an indecent character, * * * whether sealed as first class matter or not, are hereby declared non mailable matter," etc. The evil resulting from obscene or lascivious literature, whatever its form may be, arises as well when it is read by the one to whom it may be mailed as when read by third parties, and the second section of the act is intended to prevent the use of the mails for forwarding to any one any of the prohibited matter named in the section. In other words, the evil intended to be prevented by the section is created by the delivery of the prohibited matter to the party to whom it may be addressed, and the section is intended to prevent the carrying and delivery through the mails and by the postal facilities of any of the matter named in the section. A lewd, obscene, or lascivious book is not mailable under the provisions of this section, and it cannot be made mailable by sealing it in an envelope or otherwise wrapping it up. So, also, a letter of an obscene, lewd, or lascivious character is nonmailable, and it cannot be made mailable by placing it in an envelope. As applied to letters, the language of the statute is as follows: "Every obscene, lewd, or lascivious letter, whether sealed as first class matter or not, is hereby declared to be nonmailable." Under this section of the statute, the inquiry is, what is the character of the book, pamphlet, picture, paper, letter, writing, print, or other

publication proposed to be deposited in the post office for transmission? If the matter offered for mailing is in itself obscene, lewd, or lascivious, then the postal authorities are forbidden to receive it. It is nonmailable, and its character in this respect cannot be changed by placing it in a cover, wrapper, or envelope, or by sealing it as first-class matter. I am aware that there is not unanimity in the rulings upon this question. In U. S. v. Wilson, 58 Fed. 768, Judge Morrow held that the amendment of September 26, 1888, did not, in this respect make any change in the statute as it was when it was construed by the supreme court in U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, wherein it was held that a sealed and addressed letter is not a "writing," within the meaning of the act of July 12, 1876. In U. S. v. Andrews, 58 Fed. 861, Judge Ross takes the contrary view, and, in my opinion, clearly shows that the amendment of September 26, 1888, was intended to place obscene, lewd, or lascivious letters among the class of nonmailable matter; not by reason of what might be upon the envelope or wrapper thereof, but by reason of the character of the letter itself. This being the proper construction of the second section of the act of 1888, it follows that the indictment charges an offense against the defendant, in that it charges him with knowingly depositing in the named post office an obscene letter, for the purpose of having the same transported and delivered through the mail to the person to whom the letter is addressed.

It is further urged in support of the demurrer that the indictment is faulty in that it is not averred that the defendant had knowledge of the contents of the letter or envelope by him placed in the post office. The indictment follows the language of the statute, and charges that the defendant did knowingly deposit in the named post office an obscene letter, and the point made is that it is not averred that defendant knew the character of the letter, the same being contained in an envelope. In U. S. v. Clark, 37 Fed. 106, the same question was passed upon by Mr. Justice Brewer, then circuit judge for this circuit, it being therein held that an indictment charging the defendant with knowingly depositing in the post office, for mailing and delivery, a certain lewd and obscene picture, was sufficient, as it would be held that the word "knowingly" qualifies the full act charged to be done, and is not limited to the mere act of depositing in the post office. Following this ruling, it must be held that the indictment in the present case is sufficient in this particular, and the demurrer is therefore overruled.