### UNITED STATES v. LING.

(District Court, D. Connecticut. June 22, 1894.)

#### No. 1,028.

POST OFFICE—INDECENT LETTERS—INDICTMENT.

Rev. St. § 3893 (1 Supp. Rev. St. p. 621), provides that "every obscene, lewd or lascivious book, pamphlet, picture, paper, letter, writing, print or other publication of an indecent character, * * * whether sealed as first-class matter or not, is hereby declared to be non mailable matter." *Held*, that a private letter in a sealed envelope is within the prohibition of this statute if it is of an indecent character.

At Law. Indictment against Willie Ling for mailing an indecent letter.

Geo. P. McLean, U. S. Atty.

Gross, Hyde & Shipman, for defendant.

TOWNSEND, District Judge. Demurrer to an indictment for mailing an indecent letter, under section 3893, Rev. St. (1 Supp. Rev. St. p. 621), which reads as follows:

"Every obscene, lewd or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character, * * * whether sealed as first-class matter or not, are hereby declared to be non mailable matter. * * * And any person who shall knowingly deposit, or cause to be deposited for mailing or delivery, anything declared by this section to be non mailable, * * * shall, for each and every offense, be fined."

Counsel for the accused claims that a private letter in a sealed envelope is not within the prohibition of the statute, and cites U. S. v. Warner, 59 Fed. 355, and U. S. v. Jarvis, Id. 357. The decisions in U. S. v. Clark, 43 Fed. 574, and U. S. v. Wilson, 58 Fed. 769, also sustain this view. The contrary is held in Re Wahll, 42 Fed. 822; U. S. v. Martin, 50 Fed. 918; and U. S. v. Andrews, 58 Fed. 861. The statute in question differs from the former statute in the insertion of the word "letter" between the words "paper" and "writing." An examination of the statute, and consideration of its history and of the foregoing opinions and of the decisions of the supreme court of the United States upon the questions involved herein, and especially of U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, have satisfied me that congress intended, and that the rules of interpretation prescribed in such cases demand, that this statute be so construed as to embrace private sealed letters. No other reason is suggested for the insertion of the word "letter," which has a meaning in itself, distinct from the word "writing;" and the proviso, "that nothing in this act shall authorize any person to open any letter or sealed matter of the first class, not addressed to himself," forcibly suggests both the protection of the privacy of the mails and the prohibition of their use for the transmission of obscene matter. The demurrer is overruled.