## UNITED STATES v. JANES.

### (District Court, S. D. California. March 9, 1896.)

**1. VIOLATION OF POSTAL LAWS—OBSCENE MATTER.**

Certain printed matter set forth in the indictment, being an article entitled "Ripe and Unripe Women," and a druggist's advertisement, addressed in part to the "Ladies of the Tenderloin District," *held* to be obscene matter, within the meaning of Rev. St. § 3893.

**2. SAME—NEWSPAPER MATTER—INCLOSING IN WRAPPERS.**

The inclosing of a newspaper, containing obscene matter, in a wrapper, does not prevent the mailing thereof from falling under the denunciation of the statute.

**3. SAME—PREPAYMENT OF POSTAGE.**

Prepayment of the postage on obscene matter deposited in the mails is not a constituent of the offense created by the statute.

**4. SAME—INDICTMENT—DUPLICITY.**

An allegation that defendant "did deposit, and cause to be deposited," obscene matter in the mails, is not such duplicity as vitiates an indictment.

This was an indictment in two counts against J. F. Janes, for violation of Rev. St. § 3893, by mailing a newspaper containing obscene matter. The case was heard on demurrer to the indictment.

The first count was based on an article entitled "Ripe and Unripe Women." The article was set out in full in the indictment, and contained, in suggestive language, a description of the physical appearance of the "Ripe Woman," and of the writer's idea of the thoughts excited thereby in the beholders; also, a description, in coarse, rude terms, of the "Unripe Woman," with a reference to unnatural practices and crimes, as among the causes of her condition. The second count was upon a druggist's advertisements, one of which extolled the merits of a certain remedy for venereal diseases, while the other was addressed to the "Ladies of the Tenderloin District," and called to their attention the writer's stock of a certain line of goods.

George J. Denis, U. S. Atty.

Calvert Wilson, for defendant.

WELLBORN, District Judge. This is a demurrer to the indictment. The grounds of demurrer are: First, that the publication set forth in the indictment is not obscene, nor otherwise in violation of section 3893 of the Revised Statutes of the United States, under which said indictment was found; second, that the indictment alleges that the newspaper containing the publication was inclosed in a wrapper; third, that the indictment does not allege prepayment of postage; fourth, that the indictment is duplicitous, in charging that the defendant "did deposit, and cause to be deposited," etc. These grounds I will take up in their order.

1. The printed matter set forth in the indictment falls, I think, under the denunciation of said section, as construed and applied in adjudicated cases. Among those cases are the following: U. S. v. Bennett, 16 Blatchf. 338, Fed. Cas. No. 14,571; U. S. v. Britton, 17 Fed. 731; U. S. v. Wightman, 29 Fed. 636; U. S. v. Chesman, 19 Fed. 497; U. S. v. Harmon, 45 Fed. 414; U. S. v. Smith, Id. 476; U. S. v. Martin, 50 Fed. 918.

2. As to the effect of inclosing the newspaper in a wrapper, the law, I think, is correctly expounded by Judge Ross, in the case of

U. S. v. Andrews, 58 Fed. 861. See, also, U. S. v. Martin, 50 Fed. 918; U. S. v. Nathan, 61 Fed. 936; U. S. v. Ling, Id. 1001. Following these cases, I hold that the inclosure of the newspaper in a wrapper does not, other things being sufficiently alleged, prevent the case from falling under the denunciation of said section.

3. Prepayment of postage is not a constituent of the offense charged in the indictment. U. S. v. Lynch, 49 Fed. 851.

4. To allege that the defendant "did deposit, and cause to be deposited," etc., is not such duplicity in pleading as vitiates the indictment. U. S. v. Hull, 14 Fed. 324; 1 Bish. Cr. Proc. §§ 434, 435; U. S. v. Stone, 49 Fed. 848; U. S. v. Fero, 18 Fed. 901.

The objections urged to the indictment are, in my opinion, untenable; and the demurrer is overruled.