UNITED STATES v. HARRIS.

(District Court, D. Nevada. April 1, 1903.)

No. 1,006.

1. MAILING NONMAILABLE LETTER—INDICTMENT.

Under Rev. St. § 3893, as amended by Act July 12, 1876, c. 186, 19 Stat. 90, and Act Sept. 26, 1888, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], declaring an obscene letter, whether sealed as first-class matter or not, nonmailable matter, and declaring a punishment for depositing, for mailing or delivery, nonmailable matter, an indictment for depositing an obscene letter for mailing and delivery, setting it out, and showing that it commences with an address, is sufficient, without alleging it was inclosed in an addressed envelope or wrapper.

Sardis Summerfield, U. S. Atty.
Samuel Platt, for defendant.

HAWLEY, District Judge (orally). The motion in arrest of judgment is made upon the ground that there is no averment in the indictment that the letter alleged to have been written by the defendant was addressed to any person or persons. The rule is universal that in all indictments the facts constituting the offense must be clearly charged, with sufficient certainty. The indictment in this case does not charge that the letter mentioned therein, which was deposited by defendant "for mailing and delivery," was inclosed in an envelope or wrapper containing the address of the person to whom it was to be delivered, or that the postage thereon was paid; and, if this is an essential element of the crime, the motion should be granted. Section 3893, Rev. St., as amended by the act of July 12, 1876, c. 186, 19 Stat. 90, and the

¶ 1. Nonmailable obscene matter, see note to Timmons v. U. S., 30 C. C. A. 79.

act amendatory thereof, approved Sept. 26, 1888, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], on which the indictment in this case is based, among other things, provides:

"That every obscene, lewd, or lascivious letter, * * * whether sealed as first class matter or not, are hereby declared to be non-mailable matter, * * * and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, * * * shall, for each and every offense, be fined upon conviction thereof," and be punished, etc.

The indictment charges that:

"J. H. B. Harris * * * on the 31st day of May in the year of our Lord one thousand nine hundred and two, at the town of Candelaria, in the county of Esmeralda, within the said district of Nevada, unlawfully and knowingly did then and there deposit, or cause to be deposited, for mailing and for delivery, an obscene, lewd, and lascivious letter, reading in words and figures and alphabetical letters as follows, to wit: 'Alamo Mine. May 30, 1902. John Shirley, Silver Peak, Nev.'"

Then follows the letter, in full, that was alleged to have been deposited.

Counsel for defendant has, in support of his motion, called my attention to several authorities—among others, United States v. Brazeau (C. C.) 78 Fed. 464—where it was held that, in an indictment for depositing in the mails newspapers containing obscene matter, it was essential that the indictment should aver that the newspapers were addressed. The correctness of that opinion, as applied to the facts of that particular case, will not be questioned; but I am unable to agree with' the statement therein made that "the statute does not make criminal the mere depositing in the post office of obscene matter," or that the intent of the defendant in depositing a letter or paper to employ the mails for the transmission of obscene matter must be averred. I am of opinion, after a careful reading of the language of the statute, that the gist of the offense consists in the depositing, or causing to be deposited, to be conveyed or delivered by the mail, any letter containing or relating to the prohibited matter, and that the address goes only to the point of the identification of the letter alleged to have been deposited, or caused to be deposited, and indicating to whom or where it is to be conveyed. United States v. Lynch (D. C.) 49 Fed. 851; United States v. Janes (D. C.) 74 Fed. 545; United States v. Fulkerson (D. C.) 74 Fed. 631, 633. The statute does not, in terms, declare that the letter should be inclosed in an envelope or wrapper containing the address of the person to whom it was to be sent, or that the postage thereon should be paid. Conceding that for the purpose of imparting knowledge to the defendant, and identification of the particular letter which it is charged he deposited or caused to be deposited "for mailing and delivery," it was necessary to show the address of the person to whom it was directed, yet the statute does not make it essential that it should be alleged in the indictment that the letter was inclosed in an envelope or wrapper. It could otherwise be identified. The controlling question is whether the indictment itself, upon its face, with sufficient certainty, identified the letter. All the authorities upon the subject declare that it is not necessary, and in many cases it would, on account of the obscenity or lewdness of the

language used, be improper, to set out the contents of the letter in full. Any reference to it which would identify it is held to be sufficient. In the present case the letter is set forth in the indictment, and this letter does show that the letter was addressed to "John Shirley, Silver Peak, Nev." This is certainly sufficient to enable the defendant not only to know what particular offense is charged against him, but to enable him to successfully plead a prior conviction or acquittal against any subsequent indictment for the same offense. This is one of the tests often applied to determine the sufficiency of an indictment. Durland v. United States, 161 U. S. 314, 16 Sup. Ct. 508, 40 L. Ed. 709, and authorities there cited. The court in United States v. Brazeau, supra, referred to this test, and stated that, so far as the record in that case went, the defendant might be repeatedly indicted in the same language, and be unable by the record to prove the identity of the offense. This cannot be said in the present case. In the course of the opinion in that case, the court drew a distinction between newspapers and letters that is directly applicable to a case like the present. The court said:

"When the offense is of depositing newspapers, books, prints, etc., the allegation of an address, and, when practicable, a specification of such address, seems even more desirable than when the charge is of depositing a letter. A letter, in and of itself, is usually a communication between persons; and a description of the letter usually specifies the particular offense."

The letter set forth in the indictment in the present case does, with sufficient certainty, specify the particular offense charged against the defendant.

The motion in arrest of judgment is overruled.