## STATE v. FRANZ

(No. 1478; May 8, 1928; 267 Pac. 89)

*J. M. Roushar,* for appellant.

*W. O. Wilson,* Attorney General, *J. A. Greenwood,* Deputy Attorney General, and *John Dillon,* Special Assistant Attorney General, for respondent.

354

ILSLEY, District Judge.

Joe Franz, the defendant, was tried and convicted for having owned a still, used, designed and intended to be used in the unlawful manufacture of intoxicating liquors, contrary to the provisions of Chapter 28, Session Laws of Wyoming, 1927. The defendant complains that the court erred in overruling the demurrer to the amended information. Omitting the formal parts, the information charges:

"* * * Joe Franz * * * on the 7th day of March, 1927, in the County of Goshen, State of Wyoming, did then and there unlawfully, feloniously, wilfully and knowingly own a still, used, designed, and intended to be used for the unlawful manufacture of intoxicating liquors in violation of the provisions of Chapter 28, Session Laws of Wyoming, 1927, contrary to the form of the statutes," etc.

The demurrer was interposed on the ground that the amended information failed to state facts sufficient to constitute an offense. Counsel argues that no criminal intention is alleged as to this defendant, that it is uncertain and doubtful in that respect at least. It is true that certainty in an information is required so that it will inform the defendant of the offense intended to be alleged in order that he may prepare his defense, and that after judgment it will be a complete defense to a second prosecution for the same offense. Section 1 of Chapter 28, Session Laws of Wyoming, 1927, provides:

"That any person, whether acting in his own behalf, or as the agent, servant, officer or employee of any person, firm, association or corporation, who shall be the owner of, or who shall operate or knowingly have in his possession any still used, designed and intended to be used, for the manufacture of intoxicating liquor, shall be deemed guilty of a felony, and upon the conviction thereof shall be imprisoned in the penitentiary for not more than three years, and in all cases of conviction, the offender shall pay the cost of the prosecution."

This is the section under which the amended information was drawn. Counsel for the defendant, in support of his contention, cites United States v. Horton, 282 Fed. 731. In that case the court construed Section 25 of the National Prohibition Act, which provides:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this chapter or which has been so used, and no property rights shall exist in any such liquor or property."

It will plainly be seen that the two acts differ materially. Chapter 28, supra, sets out more in detail the things making possession of a still unlawful, and Section 2 of Chapter 28, Session Laws of Wyoming, 1927, defines a still as follows:

"The term 'still' whenever used in this Act shall be construed to include any mechanism, apparatus or device kept or maintained for the purpose of distilling, making or manufacturing intoxicating liquors, which by any process of evaporation separate alcoholic liquor from grain, molasses, fruit, or any other fermented substance, or that is capable of any such use."

It will be noted from the Act that as respects the charge before us "any person  *  *  *  who shall be the owner of  *  *  *  or knowingly have in his possession any still used, designed, or intended to be used for the manufacture of intoxicating liquor shall be guilty of a felony," etc. Let us see what the words "unlawfully, wilfully and knowingly" denote. Mr. Justice Harlan in Rosen v. United States, 40 L. Ed. 607, said:

"In the ordinary acceptation the words 'unlawfully, wilfully and knowingly' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing."

The above was quoted with approval in Price v. United States, 41 L. Ed. 165, and again in 31 C. J. 696:

"The word 'knowingly' or equivalent words clearly showing that defendant knew the facts constituting the gist of the offense form a sufficient averment of knowledge; but the averment must be clearly referable to the facts as to which knowledge is essential."

See also State v. Lavere, 191 N. W. 95; Huggins v. State, 41 Ala. 393; United States v. Mason, 61 Fed. 936; and quoting further from 31 C. J. 696:

"It is not necessary to repeat the averment of knowledge with reference to each act where the averment made clearly refers to the entire charge." Citing the Wyoming Supreme Court in Anderson v. State, 27 Wyo. 345.

The information charged the crime in the words of the statute, (Sec. 1, Ch. 28, Laws of 1927), and we think it was sufficient, particularly in view of the statutory definition of a "still" as given in Section 2 of the Act.

Defendant claims that the verdict was not sustained by the evidence. Without setting forth the evidence in detail, it appears that the defendant Joe Franz testified that he invited the officers to make the search of his place, admitted that he set the mash discovered by the officers, and admitted ownership of the coil and certain other parts of a still, and denied owning some parts of a still discovered there by the officers. Franz admitted manufacturing whiskey at certain times before the search was made, but he claimed that he had heard of the new law passed in 1927 by the Wyoming legislature making the punishment a penitentiary offense for manufacturing liquor with a still, and thereupon he quit and covered up the mash and buried parts of the still and abandoned his former purpose of manufacturing liquor. His defense, therefore, was that his possession and ownership of the still was without any criminal intent. There were many other facts and circum-

stances in evidence. The officers testified to the finding of different parts of the still at or near defendant's residence, also the finding of the mash, covered with boards under the stanchions in defendant's barn. From all of the evidence, we believe that the jury was warranted in finding the defendant guilty. They evidently did not believe the testimony of the defendant to the effect that he had quit manufacturing liquor. Enough paraphernalia was discovered on the place to make a complete still capable of manufacturing liquor. We are of the opinion that the evidence sustained the verdict of the jury and the judgment of the court. As to the character of evidence necessary to sustain a conviction for unlawfully manufacturing and possessing liquor, see State v. Powers, 33 Wyo. 424.

Defendant complains of the failure of the court to give instruction No. 13, which relates to the matters raised by the defendant in his demurrer to the amended information. We have carefully read the instructions given by the trial court to the jury, and we are of the opinion that they fairly state the law of the case. In Instruction No. 1 given by the court, Sections 1 and 2 of Chapter 28 of the Session Laws of 1927 are set out, and then the court further said:

"In connection with Section 1 above quoted, you are instructed that the ownership of a still is not in every case unlawful and the ownership of a still may in some circumstances be lawful and not prohibited by the above statute. To make the ownership of a still unlawful, it must have been used, designed and intended to be used for the manufacture of intoxicating liquor."

Certainly that was as fair to the defendant as he could expect.

Upon the whole record, we find no error, and the case is affirmed.

KIMBALL and RINER, JJ., concur.